## Case No. 16,028.

UNITED STATES v. PENSACOLA & G.
R. CO. et al.

[11 Int. Rev. Rec. 78.]

Circuit Court, N. D. Florida. 1870.

CUSTOMS DUTIES — PAYMENT INTO TREASURY OF
INSURRECTIONARY STATE.

[Payment of duties on goods imported into
a port of the state of Florida in July, 1860, into
the treasury of the state during the Rebellion
in no way affected the right of the United
States to recover the amount of the duties by
action on the importer's warehouse bond.]

This was an action of debt on a bond ex-
ecuted by defendants to secure the pay-
ment of duties upon railway iron imported
by them into the port of Fernandina, and
deposited by them in a bonded warehouse
in July, A. D. 1860. Felix Livingston was
at that time collector of the customs of the
United States for the port of Fernandina.
The defendants filed a plea of payment,
and on the trial, read in evidence the re-
ceipt of Felix Livingston, who appends to
his signature the word "Collector," bearing
date May 26, 1863. The defendants rest up-
on this evidence. Plaintiff then called Fe-
lix Livingston, who testified that in Jan-
uary, 1861, he sent his resignation as col-
lector of the port of Fernandina, Florida, to
the secretary of the treasury of the United
States, but had some correspondence with
the department at Washington afterward;
that he then accepted the appointment of
collector of the customs for the port of
Fernandina from the president of the Con-
federate States; that in the year 1861,
while the Confederate forces were in pos-

session of Fernandina, he was requested by the Pensacola and Georgia Railroad Company, one of the defendants, to send this iron into the interior of Florida, which he declined to do; that the said defendant then against his consent, under an order of the military commander of the Confederate forces, took the iron and carried it away into the interior of Florida; that when the forces of the United States were approaching Fernandina, in the early part of 1862, witness removed to Madison, where he was living in May, 1863, when the defendants wrote to him to come to Tallahassee to arrange the duties on the said iron; that he did come, and was invited by defendants into the office of the treasurer of the state on the said 26th day of May, A. D. 1863, where he was told by the treasurer that the defendants had deposited in the state treasury the amount due for duties upon said iron, for which said treasurer gave to witness a receipt, and for which he gave to defendants the receipt which was read in evidence in this case; that he received no money. and saw no money paid.

BY THE COURT (charging jury). 1st. That to show a legal payment of the duties upon said iron it must appear that the defendants had paid the same in coin to some officer of the United States authorized by law to receive them.

2d. That a payment thereof into the treasury of the state of Florida was no payment to the United States.

3d. That the arrangement made between the state treasurer, the defendants, and the said Livingston, was an attempted fraud upon the United States, and was utterly void so far as the United States are concerned, and cannot operate to discharge either the principal or sureties in said bond; that the defendants were presumed to know the law, and consequently knew that a fraud was attempted in this transaction, and that the United States was no party to it, and gave no consent to it; that consequently there was no proof of payment, and the plaintiff was entitled to a verdict for the amount of duties mentioned in the bond, with interest thereon at the rate of six per cent. per annum from the time when it became due in coin; that such would be the proper verdict for the jury to find.

The verdict of the jury was in accordance with the foregoing charge.